HIGGINS and others ads. WOODWARD and wife.

Injunction to prevent waste, will not be continued where the complainant's title is denied, especially, if there has been delay and negligence in trying the title at law.

**1825.**
**17th January.**

*Injunction to stay waste.*

THIS was an application for the dissolution of an injunction granted to stay waste. The bill stated, that one Moses Cadwell died seized of certain premises, on which it was alleged the waste was committed by cutting timber: that the complainant and others were heirs at law of Cadwell, and that an action of ejectment had been commenced by them for the recovery of the premises. The answer denied the title of the plaintiffs; alleged title in a third person; and that the defendants had possessed the premises for several years, by virtue of an agreement for the conveyance of the same under such third person; and averred that two circuits had been held in the county where the premises were situated, and that the action of ejectment was yet depending, untried, and undetermined.

MR. I. L. WENDELL moved for a dissolution of the injunction. He insisted that the title of the plaintiffs was not set forth in the bill with sufficient particularity; that the mode in which the title was derived, and the nature of the estate ought to have been shown, so that the chancellor might be enabled to judge whether the plaintiffs had such a title, as that they could claim the protection of this court, by the writ of injunction. Eden on Inj. 233. 1 Bro. c. c. 57. He further insisted, that the title of the plaintiffs being denied, and the defendant showing himself in possession claiming adversely to the plaintiffs, it was a matter of course to dissolve the injunction: that an injunction to stay trespass or waste is

never granted when it appears by the bill that the title is disputed; nor is it ever continued when by the answer of the defendant it is denied. 6 Vesey 51. 784. 7 Vesey 305. 8 Vesey 89. 90. 19 Vesey 147. 4 John. c. c. 21. That, at all events, the plaintiffs here were not entitled to the aid of this court, they not having prosecuted their suit at law with due diligence : that a party, to entitle himself to the aid of this court, in the prosecution of a suit at law, must show that he has done every thing in his power, before asking for such aid. Cooper's pleading 149.

1825.

HIGGINS
v.
WOODWARD.

MR. S. STEVENS for the complainant contended, that a motion for the dissolution of an injunction could not be made until all the defendants had answered : that in this case there were several defendants, and only one had answered.

MR. WENDELL in reply, admitted, that there is some diversity in the books as to the necessity of all the defendants answering before the dissolution of an injunction, but he insisted that whatever the general rule might be, it does not apply to a case like the present, where the defendants who have not put in their answers, are mere formal parties. Newland's ch. 98.

On the 18th January, THE COURT dissolved the injunction.